The next case for argument this morning is Acuna-Hinojosa v. Lynch, Mr. Wozinski. All right, sir, step up to the plate. You're at bat. Go ahead. Good morning, Your Honors, and may it please the Court. My name is Alexander Edward Wozinski, and I'm here today on behalf of the petitioner, Jozihey Acuna-Hinojosa. There are three issues before the Court today. The first is whether this appeal is moot. The second is whether there was a violation of Jozihey's procedural right to present evidence. The third is whether the agency abused its discretion when it denied Jozihey's motion to continue proceedings. As to the first issue, this appeal is not moot because Jozihey timely appealed the trial court's denial of his petition for post-conviction relief. As such, the basis for his continuance still exists, and it remains the same. That is, there's still a pending collateral attack on his conviction. The fact that it's on appeal makes no difference. For immigration purposes, the conviction was final before the post-conviction proceeding began, while it was pending, and it's still final. As a result, the requested relief in this case, that is, remand, can still effectuate change in the case. The Court labeled that pretty speculative. You know, when you get to that stage of, you know, it's already lost once it's on appeal, right? That's correct, Your Honor. Nonetheless, it's still alive if the case does not cease to be pending. And in Correggio v. Gonzales, this Court discusses the effect of an appeal on mootness. And there, I do think the Court is suggesting by its language, although it doesn't decide this or state this, that this conclusion is correct and appeal keeps the controversy alive and protects an appeal from, or protects the case from becoming moot. Now, moving to the second issue, noncitizens in removal proceedings have a right to present evidence under 8 U.S.C. 1229 AB4. This right was violated because the I.J. never considered the documents trial counsel attempted to introduce in support of Jossie Hayes' motion to continue. And although the I.J. asked for a proffer instead, trial counsel never got to make that proffer. Instead, the immigration judge proceeded to question counsel and then made a decision before he came back to the proffer or consideration of the evidence. This is a violation of the right to present evidence. The documents were not included in the record until after the immigration judge had made his decision, and they were never considered. I think Pranzivic-Wolchai v. Gonzales is on point here. There, this Court found a violation where the I.J. made his or her decision before considering the evidence presented. Now, for remand to be appropriate, there also needs to be prejudice. Here, we have prejudice because the evidence trial counsel attempted to present could have persuaded the I.J. that the petition for post-conviction relief was not as speculative as he had thought. Jossie then could have got the time he needed to seek deferred action for childhood arrivals and remain in the United States. The Board of Immigration Appeals' supplemental rationale does not change this analysis or conclusion. The BIA concluded that the denial of Jossie Hayes' motion to continue was appropriate because he had not presented good cause for the motion. While good cause is a prerequisite under 8 CFR Section 1003.29 for a continuance, I.J.'s nevertheless still have discretion to continue proceedings under 8 CFR 1240.6, and United States v. Wilson notes this as well. What law are we operating under on the childhood arrival? That is an exercise of prosecutorial discretion by the Department of Homeland Security, Your Honor. Oh, well, discretion based on what? What law? Well, certain requirements, there's a memorandum that they follow, and there's also an application that one needs to fill out and submit to the government. The United States v. Texas case, the DAPA, or Deferred Action for Parental Accountability Program, that's actually pending before the Supreme Court right now, is a very much similar program. Was DACA a law? No. Okay, that's the answer I was wondering. So what is it, a directive or an edict? It is an enforcement policy, and pursuant to that enforcement policy, people can apply with the Department of Homeland Security for essentially a promise not to be deported and employment authorization. Enforcement policy, huh? Moving to the last issue, the immigration judge's denial of Josie's motion to continue is an abuse of discretion for essentially the same reasons we've already discussed. The IJ's denial was without a rational explanation because it was made without considering the evidence or what should have been evidence, and it inexplicably departed from established policies because it violated Josie's right to present evidence. The right to present evidence is, of course, an established policy. Again, the BIA's supplemental rationale does not change this. You'll concede that a collateral attack under this precedent in this court is not good cause for a continuance. Nevertheless, immigration judges still have the discretion to consider granting a continuance. This is also not harmless error. With due consideration of the evidence, Josie could have got the time he needed to finalize this collateral attack, and this would have allowed him to seek DACA and remain in the United States with his family. We ask the court to remand for either of these alternative reasons. If there are no further questions. Go to. May it please the Court, Your Honors. Tim Remnitz on behalf of the U.S. Attorney General Loretta E. Lynch. This immigration case petitioner, a native and citizen of Mexico, seeks review of the decision of the Board of Immigration Appeals, which is the affirmed immigration judge's decision, denying his request for continuance to seek post-conviction relief. The standard of review for reviewing a denial of continuance is abuse of discretion. That means the IJA's decision denying continuance had to be arbitrary, capricious, and devoid of reason. In this case, this Court has specifically held, and so has the Board, that requesting a continuance to seek post-conviction relief does not establish good cause for continuance. So it clearly cannot be an abuse of discretion for the immigration judge to deny the continuance to seek post-conviction relief, when it's entirely keeping with this Court's precedent as cited in the government's answering brief, Palma-Martinez of 2015, and earlier, U.S.P. Wilson of 2007. The Board has likewise long held the same holding that post-conviction relief is not good cause for continuance, as essentially where the case ends, because he's challenging denial of continuance and clearly is not an abuse of discretion because the IJA reasonably followed this Court's precedent and the Board's precedent in denying that continuance. Are there any other questions by the panel? If you run out of things to say, there's nothing wrong with you sitting down. I will sit down then. If there are questions. Counsel? Not much to rebut, but go ahead and try. Thank you, Your Honors. Briefly, good cause is not necessary for an immigration judge to grant continuance. If there are no further questions. Thank you. Thank you, gentlemen. Case will be taken under advisement.